Based upon a review of the record herein, the Full Commission makes the following:
FINDINGS OF FACT
1. Plaintiff has assigned as error the deputy commissioner's failure to give plaintiff a de novo hearing following a Form 24 adjudication and the deputy commissioner's failure to allow plaintiff an evidentiary hearing upon his Amended Form 33 request for hearing on the issue of (a) plaintiff's request for attorney's fees based upon defendants' alleged failure to timely pay compensation benefits; (b) plaintiff's request for attorney's fees and interest and (c) plaintiff's request for an award of permanent total disability.
2. This case was set for hearing before the deputy commissioner in Winston-Salem on February 16, 1994. On February 15, 1994, the day before the hearing, the deputy commissioner conducted a telephone conference with counsel for plaintiff and defendants wherein counsel for defendants agreed to stipulate that plaintiff is totally disabled and to reinstate plaintiff's workers' compensation benefits.
3. The deputy commissioner ordered the parties to submit proposed stipulations or a settlement agreement. Counsel for plaintiff objected to this Order and further requested that plaintiff be allowed to proceed with her already calendared hearing.
4. The deputy commissioner denied plaintiff's hearing request and entered an Opinion and Award apparently based upon stipulations contained in the Form 21 agreement and the Form 24 stop payment application.
5. Stipulation No. 4 of the Opinion and Award was not a part of the evidence considered in the Form 24 proceeding and had not been entered into evidence by stipulation of the parties.
6. Stipulation No. 5 of the Opinion and Award is an admission of counsel for defendants and counsel for plaintiff has not stipulated that this admission should be entered as evidence, although he does not object to defendants' admission.
7. Counsel for plaintiff objected to the telephone conference as a substitute for an evidentiary hearing.
8. Based upon the telephone conference, an Opinion and Award was entered by the deputy commissioner whereby defendants were ordered to pay temporary total disability compensation to plaintiff until he returns to work or until further Order of the Industrial Commission. The issues raised by plaintiff on the Form 33 request for hearing and in the Pre-trial Agreement concerning his entitlement to permanent and total disability, a 10% penalty, interest and attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1
were not addressed in the Opinion and Award; however, plaintiff's claim was removed from the Winston-Salem hearing docket.
9. Plaintiff has raised valid issues for determination by an evidentiary hearing and the deputy commissioner's Order removing this case from the hearing docket should be VACATED. An award of continuing temporary total benefits does not preclude a party from putting forth evidence on the issue of permanent and total disability. Moreover, defendants' admission that plaintiff is entitled to additional compensation does not foreclose plaintiff's right to present evidence on a 10% penalty, attorney's fees and interest.
10. Neither side appealed the award resuming payment of temporary total disability compensation to plaintiff and the award of attorney fees to counsel for plaintiff.
*************
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The Opinion and Award of the deputy commissioner without the benefit of an evidentiary hearing is treated as a Form 26 open agreement to pay temporary total disability compensation to plaintiff for necessary weeks. Defendants' admission that plaintiff is entitled to resumption of temporary total disability compensation was not appealed from and is therefore binding.
2. That part of the Opinion and Award which ordered that this case be removed from the hearing docket should be vacated.
****************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. The Order removing this case from the hearing docket is VACATED and plaintiff is granted an evidentiary hearing on plaintiff's entitlement to permanent and total disability compensation, a 10% penalty, interest and attorney fees pursuant to N.C. Gen. Stat. § 97-88.1.
2. This case is REMANDED for hearing before a deputy commissioner in Winston-Salem in due course.
3. That part of the Opinion and Award of the deputy commissioner resuming payment of temporary total disability benefits to plaintiff and attorney fees on said award was not appealed from, but for the sake of clarity is AFFIRMED.
4. Defendants shall pay the costs due this Commission.
 S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________________ THOMAS J. BOLCH COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER
BSB:md